1

## UNITED STATES DISTRICT COURT

2

## DISTRICT OF NEVADA

3

4

5    SEAN M. PANKOW,                          )          3:08-CV-00666-ECR-VPC
                                              )
          Plaintiff,                          )
6                                             )
     vs.                                      )          **REPORT AND RECOMMENDATION**
7                                             )          **OF U.S. MAGISTRATE JUDGE**
     MICHAEL J. ASTRUE,                       )
8                                             )
          Defendant.                          )          December 14, 2009
9                                             )

10        This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United

11   States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

12   U.S.C. § 636(b)(1)(B) and LR IB 1-4.

13        Before the court is plaintiff's motion for reversal of the commissioner's decision (#8).

14   Defendant opposed and filed a cross-motion for summary judgment (#12). For the reasons set forth

15   below, the court recommends that plaintiff's motion for reversal (#8) be denied and defendant's

16   cross motion for summary judgement (#12) be granted.

17                              **I. ADMINISTRATIVE PROCEEDINGS** [1]

18        On August 27, 2003, plaintiff Sean M. Pankow ("plaintiff") protectively filed an application

19   for Supplemental Security Income (AR 28).  Plaintiff alleged disability based on Prader-Willi

20   Syndrome ("PWS"),[2] morbid obesity post-gastric bypass surgery, depression, bi-polar, and psychosis

21   (AR 74). Plaintiff's claim was denied initially on June 4, 2004, (AR 28) and on reconsideration on

22   May 27, 2005 (AR 28). On July 10, 2006, a  hearing was held before Administrative Law Judge

23

24        [1]    Pursuant to the court's order (#7), both parties have stipulated that the decision of the
25   Administrative Law Judge fairly and accurately summarized the material medical evidence of the record in
     this case.

26        [2]    "PWS is a genetic disorder that includes short stature, mental retardation or learning
27   disabilities, incomplete sexual development, characteristic behavior problems, low muscle tone, and an
     involuntary urge to eat constantly, which, coupled with a reduced need for calories, leads to obesity" (AR
28   30).

1 ("ALJ") Peter F. Belli, and Attorney Dennis A. Cameron represented plaintiff (AR 28-38 (opinion);

2 AR 727-761 (transcript)). The ALJ filed a written opinion on January 23, 2007, in which he upheld

3 the denial of plaintiff's claim. Plaintiff requested administrative review on February 23, 2007 (AR

4 22), and the Appeals Council denied review on October 14, 2008, making the ALJ's decision final

5 (AR 7-9). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial

6 review on December 19, 2008 (#2).

7                                              **II. BACKGROUND**

8            Plaintiff was born on April 13, 1982, and was twenty-four years old at the time of his hearing

9 (AR 422). Plaintiff did not complete high school and has no GED. However, he has completed 163

10 units of college courses, largely in computer network administration (AR 732). Plaintiff has not had

11 past relevant employment (AR 36). Plaintiff alleges that he became disabled on October 17, 2003

12 (AR 28).

13          The ALJ found plaintiff able to perform other jobs that exist in significant numbers in the

14 national economy (AR 36) and thus found plaintiff "not disabled." Specifically, the ALJ made the

15 following findings:

16          1.    The claimant has not engaged in substantial gainful activity
                  since October 17, 2003, the alleged onset date (20 CFR
17                416.920(b) and 416.971 *et seq.*).

18          2.    The claimant has the following severe impairments: Prader-
                  Willi syndrome (PWS) and morbid obesity/status post gastric
19                bypass surgery, and depression (20 CFR 416.920(c)).

20          3.    The claimant does not have an impairment or combination of
                  impairments that meets or medically equals one of the listed
21                impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20
                  CFR 404.1520(d), 416.925 and 416.926).
22
            4.    After careful consideration of the entire record, the
23                undersigned finds that the claimant has the residual functional
                  capacity to perform light exertional work activity. Light work
24                involves lifting no more than 20 pounds at a time with
                  frequent lifting or carrying of objects weighing up to 10
25                pounds. Even though the weight lifted may be very little, a
                  job is in this category when it requires a good deal of walking
26                or standing, or when it involves sitting most of the time with
                  some pushing an pulling of arm or leg controls. To be
27                considered capable of performing a full or wide range of light
                  work, an individual must have the ability to do substantially
28                all of these activities. If someone can do light work, we

                                                      2

1

2

determine that he can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods,

3

4

5

6

7

8

Due to his mental condition, the claimant is slightly impaired in his ability to understand, remember, and carry out detailed instructions; and slightly impaired in his ability to make judgments on detailed work-related decisions.   He is moderately impaired in his ability to interact appropriately with the public and slightly impaired in his ability to interact appropriately with supervisors and coworkers. In addition, he is slightly impaired in his ability to respond appropriately to work pressures in a usual work setting, and to changes in a routine work setting

9

5.    The claimant has no past relevant work (20 CFR 416.965).

10

6.    The claimant was born on April 13, 1982 and was 21 years old, which is defined as a younger individual age 18-44, on the date his application was filed (20 CFR 416.963).

11

12

7.    The claimant has a limited education and is able to communicate in English.

13

14

8.    Transferability of job skills is not an issue because the claimant does not have any past relevant work (20 CFR 404.964).

15

16

17

9.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c), and 416.966).

18

19

10.   The claimant has not been under a "disability," as defined in the Social Security Act, from August 27, 2003, the date the application was filed (20 CFR 416.920(g)).

20

(AR 28-38).

21

### III. STANDARD OF REVIEW

22

23

24

25

26

27

28

The court must uphold the decision of an administrative law judge if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record.  *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir.

1    1997), *citing Smolen*, 80 F.3d at 1279. "To determine whether substantial evidence exists [the court

2    must] look at the record as a whole, considering both evidence that supports and undermines the

3    ALJ's findings. However, if the evidence is susceptible of more than one rational interpretation, the

4    decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations

5    omitted). The ALJ alone is responsible for determining credibility, and for resolving ambiguities.

6    *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

7        The Social Security Administration defines disability as the "inability to engage in any

8    substantial gainful activity by reason of any medically determinable physical or mental impairment

9    which ... has lasted or can be expected to last for a continuous period of not less than 12 months."

10   42 U.S.C. § 423(d)(1)(A). A claimant is considered disabled "only if his physical or mental

11   impairment or impairments are of such severity that he is not only unable to do his previous work

12   but cannot ... engage in any other kind of substantial gainful work which exists in the national

13   economy ...." 42 U.S.C. § 423(d)(2)(A).

14       Pursuant to the Social Security Act, regulations have been adopted which establish a

15   formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See*

16   20 C.F.R. § 404.1520. The Administrative Law Judge considers: (1) whether the person is engaging

17   in substantial gainful activity; (2) severity of the alleged impairment; (3) whether the impairment

18   meets or equals a listed impairment and meets the duration requirement; (4) whether the individual

19   is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the

20   person from doing any other work. *Id.* If at any point in the five-step inquiry it is determined that

21   a claimant is or is not disabled, further review is unnecessary.

22                              **IV. ANALYSIS**

23       Plaintiff argues that the ALJ committed legal error and that substantial evidence did not

24   support the ALJ's conclusions (#8, p. 5). Specifically, plaintiff asserts that the ALJ (1) failed to

25   properly credit the opinion of plaintiff's treating physician; and (2) did not properly support his

26   finding that jobs exist in significant numbers in the national economy that plaintiff is capable of

27   performing. *Id.* p. 5. The two arguments are related because plaintiff maintains that if the ALJ had

28   credited the opinion of plaintiff's treating physician, then the ALJ could not have reach the

                                        4

1 | conclusion that plaintiff was capable of job performance.

2 | Defendant's position is simply that the ALJ properly discredited the opinion of plaintiff's

3 | treating physician, and thus substantial evidence supports the ALJ's decision that jobs exist in the

4 | national economy (#12, pp. 4-5).

5 | **A.      Opinion of Plaintiff's Treating Physician**

6 | "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony

7 | and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *citing*

8 | *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Cases within the Ninth Circuit distinguish

9 | between the opinions of (1) treating physicians, (2) examining physicians, and (3) non-examining

10 | physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the opinions of treating

11 | physicians are afforded greater weight than the opinions of other physicians because treating

12 | physicians "are employed to cure and thus have a greater opportunity to know and observe the

13 | patient as an individual . . ." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (citations

14 | omitted). "A treating physician's medical opinion as to the nature and severity of an individual's

15 | impairment must be given controlling weight if that opinion is well-supported and not inconsistent

16 | with the other substantial evidence in the case record." *Edlund v. Massanari*, 253 F.3d 1152, 1157

17 | (9th Cir. 2001) *citing* SSR 96-2p.

18 | The ALJ may disregard the treating physician's opinion whether or not that opinion is

19 | contradicted, *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); however, an ALJ may not

20 | reject the treating physician's opinion if it is contradicted by other physicians' opinions unless the

21 | ALJ "makes findings setting forth specific, legitimate reasons for doing so that are based on

22 | substantial evidence in the record." *Id.* (quoting *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.

23 | 1987)); *see also Lester*, 81 F.3d at 830.

24 | In this case, the ALJ properly discredited the opinion of plaintiff's treating physician, Dr.

25 | Miller. Dr. Miller performed a mental evaluation of plaintiff, yet he opined that plaintiff would

26 | likely be absent from work due his physical condition (AR 34). The opinion of a specialist about

27 | medical issues related to his area of specialty is entitled to more weight than opinions of non-

28 | specialists. 20 CFR § 416.927(d)(5); *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 fn. 2 (9th Cir.

1   2001). Because Dr. Miller's only performed a mental evaluation but offered an opinion on plaintiff's

2   physical condition, the ALJ specifically refused to accord Dr. Miller's opinion the controlling

3   weight.  The ALJ noted that Dr. Miller's findings were not supported by the objective medical

4   findings (AR 34). For example, an orthopedic examination of plaintiff demonstrated plaintiff's full

5   strength, normal reflexes, and sensation (AR 32).  Therefore, the ALJ stated specific, cogent reasons

6   why he discredited the opinion of plaintiff's treating physician regarding plaintiff's physical

7   condition.

8   **B.      ALJ's Conclusion that Significant Numbers of Jobs Exist in the National Economy**

9          Plaintiff argues that defendant did not meet the burden at step five of demonstrating that jobs

10  exist in the national economy and that the ALJ did not have substantial evidence to make such a

11  finding.  Specifically, plaintiff notes that the vocational expert proposed three food-related jobs.  As

12  one afflicted with PWS, plaintiff argues that he would be unable to perform in any one of these jobs

13  and that the vocational expert's identification of only food-related jobs underscores the ALJ's

14  misunderstanding of PWS. Defendant argues that plaintiff fails to note how this particular plaintiff

15  could not perform any of the jobs, and defendant also notes that two of the three jobs do deal directly

16  with consumables.

17         In this case, a vocational expert's testimony as well as plaintiff's own testimony provided the

18  substantial evidence upon which the ALJ based his decision.  The recognized expertise of a

19  vocational expert provides the necessary foundation for his testimony. *Bayliss v. Barnhart*, 427 F.3d

20  1211, 1218 (9th Cir. 2005).  As defendant notes, plaintiff did not question the expert's testimony

21  (#12, p. 4; AR 754).  In addition, there is further support in the record for the ALJ's conclusion

22  regarding plaintiff's ability to be around food.  Plaintiff testified that he was able to control his

23  cravings and also noted that he was able to shop unaccompanied by his mother (AR 741-42).

24  Therefore, the testimony of the vocational expert and plaintiff's testimony as to his own abilities

25  provided adequate evidence from which the ALJ could determine that plaintiff could perform certain

26  jobs in the national economy.

27  ///

28  ///

6

1

## V. CONCLUSION

2      Based on the foregoing, the court concludes that the ALJ's decision was supported by

3  substantial evidence and therefore recommends that plaintiff's motion for reversal (#8) be **DENIED**

4  and defendant's motion to affirm (#12) be **GRANTED**.

5

## IV. RECOMMENDATION

6      **IT IS THEREFORE RECOMMENDED** that plaintiff's motion for reversal (#8) be

7  **DENIED** and defendant's cross motion for summary judgment (#12) be **GRANTED**.

8      **DATED:** December 28, 2009.

9

10  _____

11  UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28